UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ADRIAN DAMICO MOON,      )
      )
    Petitioner      )
      )
   v.      )     1:26-cv-10985-LEW
      )
INDIRA TALWANI,      )
      )
    Respondent      )

**RECOMMENDED DECISION AFTER REVIEW
PURSUANT TO 28 U.S.C. § 1915**

Petitioner/Plaintiff (Petitioner) filed a petition/complaint and an application to proceed without prepayment of fees, which application the Court granted. In accordance with the statute that governs actions where a party proceeds without prepayment of fees, a preliminary review of the claim is appropriate. 28 U.S.C. § 1915(e)(2).

Following a review of Petitioner's filing, I recommended the Court dismiss the matter.

**DISCUSSION**

28 U.S.C. § 1915 is designed to ensure meaningful access to the federal courts for individuals unable to pay the cost of bringing an action. When a party is proceeding pursuant to the statute, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "This is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim." *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

A review of Petitioner's filing reveals that Petitioner has not satisfied the basic pleading requirements. Petitioner's filing consists of conclusory allegations, references to proceedings in other court cases, and other assertions that do not support a discernible claim. *See Young v. Wells Fargo Bank, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013) (complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard.").

Furthermore, Petitioner's claim against the defendant, who is a federal judge, is barred by the doctrine of judicial immunity. "Judges have absolute immunity … because of the special nature of their responsibilities." *Butz v. Economou*, 438 U.S. 478, 511 (1978). The "absolute" nature of judicial immunity is reflected in the Supreme Court's explanation that judicial immunity is "not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Mireles v.*

*Waco*, 502 U.S. 9, 11 (1991). Even "grave procedural errors" are not enough to support a claim against a judge. *Stump v. Sparkman,* 435 U.S. 349, 359, (1978). Judicial immunity serves to "protect[] judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants." *Id.* While the exact nature of Petitioner's claim is difficult to discern, the claim is apparently based on a decision or decisions that Defendant made in Defendant's capacity as a judge. Where a litigant seeks to hold a judge liable based on the judge's prior rulings and determinations, judicial immunity will bar the claim.

### CONCLUSION

After a review in accordance with 28 U.S.C. § 1915, for the reasons explained above, I recommend the Court dismiss the matter.

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 13th day of July, 2026.

3